UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALFRED JOSEPH, ESQ.,[1]

                        Plaintiff,

            -against-                                    23-CV-3404 (LTS)

TROUTMAN SANDERS LLP, et al.,                            ORDER OF DISMISSAL

                        Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

and diversity of citizenship jurisdiction. Plaintiff asserts that Defendants wrongfully terminated

him from both his investments and business. By order dated April 24, 2023, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For

the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 60 days' leave

to replead his claims in an amended complaint.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

---

[1] Although Plaintiff has appended the term esquire ("Esq.") to his name, the complaint
does not suggest that Plaintiff is an attorney.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, who resides in Bronx, New York, brings his claims using the court's general complaint form. He sues the following Defendants: (1) Troutman Sanders LLP, a law firm; (2) 1411 Broadway Associates LLC, a "nonprofit internship democracy corporation[]" located in Bronx, New York (ECF 1, at 4)[2]; (3) Trizec Properties, Inc., a corporation located in Chicago, Illinois; (4) Richard L. Swig, a general partner in an unspecified company located in Manhattan; and (5) Robert H. Arrow, a general partner in the same company as Defendant Swig. Plaintiff checks the boxes on the complaint form to invoke the court's federal question and diversity jurisdiction, and, in response to the question on the form asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff states:

> illegal lockout; misappropriation of funds; misappropriation of properties; fraud; identity theft; corporate espionage; corporate malfeasance; wrongful termination; cyber espionage; extortion[;] racial discrimination; coercion; retaliation; misrepresentation; et al.

---

[2] Plaintiff writes using nonstandard capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

(*Id*. at 2.) Plaintiff asserts that the events giving rise to his claims occurred at 1411 Broadway in Manhattan, on March 29-30, 2023, and April 5, 2023.

Plaintiff alleges the following as the facts in support of his claims:

> I was wrongfully terminated from my bank investment & business, which was in the process of consolidating my government infrastructure under my Joseph enterprise bank accounts (personal; savings; checking; & business accounts), which misappropriated my business in cahoots with the Walmart; Jackson Hewitt; Chase Bank & Co.; & the Louisiana Government whom were already judged & determined to be guilty of libel under the courtrule of the International Court of Justice (ICJ) via the Congress of Amsterdam, New York & Amsterdam, the Netherlands, a unanimous, whom recovered & reinvested my funds via the former incumbency President of the United States of America Barrack Hussein Obama & the ITT Technical Community College School Board of Education, whom invested my benefits into the multimedia of the BET & St. James Business District of Kenner Louisiana & the Jos. A. Bank Clothiers Uniform Code of Policies which established the A.J. Dohmann, highway traffic & safety jurisdictional jurisprudence, which have been recover by the Chase Bank establishment at 1411 Broadway, New York, NY 10018; along with branches in Seattle, Washington; & Miami, Florida which was deliberately ignored in indifference at the gross negligence of the management while I was thrown out of my business even after I wrote a text before to give the notice.

(*Id*. at 5-6.) Plaintiff appears to seek monetary damages for the alleged violations.

## DISCUSSION

### A.    Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Furthermore, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 Fed. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988))); *see Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because " it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted). "It is not the Court's job – nor the opposing party's – to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" *Ghosh v. N.Y.C. Hous. Auth.*, No. 21-CV-6139, 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) (quoting *Avramham v. N.Y.*, No. 20-CV-4441, 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020)). A complaint that fails to comply with Rule 8 may be dismissed. *See Da Costa v. Marcucilli*, 675 Fed. App'x 15, 17 (2d Cir. 2017) (summary order) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Anduze v. City of New York*, No. 21-CV-519, 2021 WL 795472, at *2 (S.D.N.Y. Feb. 26, 2021) (dismissing a complaint as incomprehensible because it was illegible and the legible portions were incomprehensible, such that "the [c]ourt is unable to properly evaluate the full nature and extent

of [the] [p]laintiff's claims"); *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (stating that the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

Plaintiff does not plead sufficient facts in the complaint about what the defendants did to violate his rights. Plaintiff's allegations, therefore, do not comply with Rule 8, because he does not provide a short and plain statement giving Defendants fair notice of the claims he is asserting and the grounds on which they rest. Plaintiff provides a meandering narrative about misappropriation and losses in connection with a business, which include the investment of funds though former President Barack Obama, and unintelligible events that occurred throughout the United States and internationally. Plaintiff essentially asserts that Defendants unlawfully harmed him, but he does not provide any plausible factual support for a viable legal claim and his assertions appear to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437; *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Because Plaintiff has not articulated a viable legal claim, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to replead his claims in an amended complaint. Should Plaintiff choose to submit an amended complaint, it must contain intelligible facts suggesting that the named defendants violated his rights.

## B.    Subject Matter Jurisdiction

If Plaintiff files an amended complaint, he must include allegations showing that the Court has subject matter jurisdiction of his claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these

statutes, federal jurisdiction is available only when a "federal question" is presented or when

plaintiff and defendant are citizens of different states and the amount in controversy exceeds the

sum or value of $75,000. "'[I]t is common ground that in our federal system of limited

jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the

question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers*

*Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.

1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501,

503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil*

*Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on

their own initiative . . . .").

### 1.     Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal

subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-

89 (2d Cir. 1996).

The facts alleged that the Court is able to understand do not demonstrate that Plaintiff's

claims arise under federal law. Rather, the claims appear to stem from a business matter, and

may arise under New York law. The Court cannot exercise federal question jurisdiction of these
state law claims.

### 2.       Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction
of his claims. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that
the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524
U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the
claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28
U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)
(citation and internal quotation marks omitted).

"An individual's citizenship, within the meaning of the diversity statue, is determined by
his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v.
Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). A corporation is a citizen "of every State and foreign
state by which it has been incorporated and of the State or foreign state where it has its principal
place of business," § 1332(c)(1), and a limited liability company ("LLC"), a limited partnership
("LLP"), or other unincorporated entity possesses the citizenship of each of its members,
*Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). *See also Hertz Corp.
v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve
center," usually its main headquarters); *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692
F.3d 42, 49 (2d Cir. 2012) (A limited liability company (LLC) "takes the citizenship of each of
its members" for diversity purposes.).

Here, Plaintiff sues three business entity defendants and two individuals. The business
defendants consist of a partnership, a corporation, and a limited liability company. Although
Plaintiff provides what appear to be the addresses of the defendants' headquarters, he does not

allege the citizenship of each non-corporate business defendant's members as required for diversity jurisdiction. Furthermore, Plaintiff indicates that, like him, both of the individual defendants are citizens of New York. Plaintiff has therefore failed to satisfy his burden of demonstrating complete diversity of citizenship between the parties.

In addition, Plaintiff does not allege facts suggesting that his claims meet the $75,000 jurisdictional amount for the Court to exercise diversity jurisdiction. There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order))). Plaintiff does not attach a monetary value of at least $75,000.00 to his claims, as required for diversity jurisdiction of his claims.

The complaint does not demonstrate that the Court has subject matter jurisdiction of this action. If Plaintiff seeks to bring claims under the Court's federal question jurisdiction, he must allege facts in the amended complaint showing that Defendants caused a violation of his federal constitutional or statutory rights. If Plaintiff wishes to invokes the Court's diversity jurisdiction,

he must allege in the amended complaint facts suggesting that he and defendants are citizens of different states and that his claims are in excess of $75,000.00.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin*, 861 F.2d at 42. Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims against the defendants, the Court grants him 60 days' leave to replead his claims in an amended complaint. The amended complaint must contain a short and plain intelligible statement showing that Plaintiff is entitled to relief against all named defendants. Plaintiff must also allege facts demonstrating that this Court has subject matter jurisdiction of his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## PLAINTIFF'S LITIGATION HISTORY

Plaintiff has previously filed several actions in this court, most of which have been dismissed for lack of subject matter jurisdiction or as frivolous. Plaintiff filed his first case on December 27, 2022, and shortly after, it was dismissed by this Court as frivolous because his factual assertions were not plausible. *See Joseph v. State of New York*, ECF 22-CV-10942, 9 (S.D.N.Y. Jan. 13, 2023). Plaintiff filed four other *pro se* complaints in April 2023, two of which

were dismissed for lack of subject matter jurisdiction. *See Joseph v. NYC Dep't of Fin.*, ECF 1:23-CV-3403, 5 (S.D.N.Y. July 6, 2023); *Joseph v. 2287 EDMS Realty LLC*, ECF 1:23-CV-3350, 4 (S.D.N.Y. July 5, 2023). The third case, *Joseph v. State of New York*, ECF 1:23-CV-3515, 7 (S.D.N.Y. May 17, 2023), in which Plaintiff named the undersigned as a defendant, was assigned to the Honorable Gregory H. Woods. Judge Woods dismissed Plaintiff's claims on immunity grounds, for failure to state a claim on which relief may be granted, and as frivolous. *See id.* Plaintiff's fourth case remains pending. *See Joseph v. State of New York*, ECF 1:23-CV-3019, 1 (S.D.N.Y. filed Apr. 10, 2023).

In light of Plaintiff's litigation history, this Court finds that he was, or should have been, aware that his complaint failed to state facts suggesting a claim for relief or that the Court has subject matter jurisdiction of his claims. *See Sledge v. Kooi* , 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Because the Court is granting Plaintiff leave to amend to assert a plausible claim of which the Court has subject matter jurisdiction, this action cannot be considered entirely meritless. The Court, however, warns Plaintiff that should he persist in filing actions of which the court lack jurisdiction or that are frivolous or otherwise nonmeritorious, the Court will order him to show cause why he should not be barred under Section 1651 from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651. This warning is necessary to conserve this court's judicial resources. *See generally*, *In Re McDonald*, 489 U.S. 180, 184 (1988).

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 60 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the

amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-3404 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to issue judgment consistent with this order.

Plaintiff is also warned that, should he persist in filing actions of which the court lack jurisdiction or that are frivolous, or otherwise lacking in merit, it may result in an order barring him from filing any new actions IFP without prior permission. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 30, 2023
         New York, New York

_/s/ Laura Taylor Swain_
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
             (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                         (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial       Last Name

_____

Street Address

_____

County, City                    State           Zip Code

_____

Telephone Number           Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

